IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| State of South Carolina, | ) | |
| --- | --- | --- |
| | ) | C/A No. 2:17-2730-MBS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Earl Johnson, Jr., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant Earl Johnson, Jr., proceeding pro se, filed a notice of removal on October 10, 2017, in which he attempted to remove several criminal matters from the Court of General Sessions for Berkeley County, South Carolina, as well as an appeal as to certain criminal convictions, to this court. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling.

The Magistrate Judge reviewed the action and determined that the removal is subject to summary remand because it "clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted." 28 U.S.C. § 1455(b)(4). On January 16, 2018, the Magistrate Judge issued a Report and Recommendation, observing that (1) Defendant did not meet the requirements for removal pursuant to 28 U.S.C. §§ 1442, 1442a, or 1443; (2) Defendant did not establish right to removal under 18 U.S.C. §§ 1331 or 1332. The Magistrate Judge therefore recommended that the matter be remanded to the Court of General Sessions for Berkeley County. Defendant filed no response to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court.

Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Ace. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court concurs in the Report and Recommendation and incorporates it herein by reference. Plaintiff's complaint is remanded to the Court of General Sessions for Berkeley County pursuant to § 1455.

**IT IS SO ORDERED**.

/s/ Margaret Seymour
Senior United States District Judge

Columbia, South Carolina

February 9, 2018